

## THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 19, 1951

Hon. George M. Kelton
County Attorney
Ector County
Odessa, Texas

Opinion No. V-1346.

Re: Legality of a person's
being at the same time
a justice of the peace
and a laborer for the
"Park Division" of a
county.

Dear Sir:

You have requested an opinion on the following question:

"Your office is respectfully requested
to furnish an opinion as to whether or not a
county employee in the capacity of laborer
for the Park Division may at the same time
serve as Justice of the Peace for one of the
precincts in said county."

The prohibition of Section 40 of Article XVI
of the Constitution against the holding of more than
one civil office of emolument by the same person at
the same time does not apply to the office of justice
of the peace for the reason that this office is ex-
pressly excepted from its provisions. Att'y Gen. Op.
V-828 (1949). Also, it is our opinion that Section 40
of Article XVI has no application to your request,
since a laborer in the "Park Division" is not a civil
office of emolument.

The remaining question to be determined is
whether the duties of a laborer in the "Park Division"
of a county and the duties of the office of justice of
the peace are incompatible. The tests to be applied
in determining incompatibility are concisely stated in
Knuckles v. Board of Education of Bell County, 272 Ky.
431, 114 S.W.2d 511 (1938), as follows:

"One of the most important tests as to
whether offices are incompatible is found in
the principle that the incompatibility is re-
cognized whenever one is subordinate to the

other in some of its important and principal duties, or is subject to supervision by the other, or where a contrariety and antagonism would result in the attempt by one person to discharge the duties of both. Under this principle two offices are incompatible where the incumbent of one has the power to remove the incumbent of the other, though the contingency on which the power may be exercised is remote, and it also exists where the incumbent of one office has the power of appointment as to the other office."

Mechem on Public Offices and Officers (1890), Sec. 422, p. 268, states the rule as follows:

"It seems to be well settled that the mere physical impossibility of one person's performing the duties of the two offices as from the lack of time or the inability to be in two places at the same moment, is not the incompatibility here referred to. It must be an inconsistency in the functions of the two offices, as judge and clerk of the same court, claimant and auditor, and the like."

Applying these tests to the positions in question, we are unable to perceive any incompatibility, for neither is subject to any supervision of the other, nor would any antagonism result in an attempt by one person to discharge the duties of both.

We know of no constitutional or statutory provision prohibiting a person's being at the same time a justice of the peace and a laborer for the "Park Division" of a county. In view of the foregoing, we agree with your conclusion that a county employee in the capacity of a laborer for the "Park Division" may at the same time serve as justice of the peace.

## SUMMARY

A county employee in the capacity of laborer for the "Parks Division" is not

prohibited from being at the same time a
justice of the peace.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

JR:vh

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant